**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE**

UNITED STATES of AMERICA EX REL.
JOHNSON AND JORDAN, INC.,

     Plaintiff,

       v.

WILLIAMS BUILDING COMPANY, INC.,
and FRANKENMUTH SURETY COMPANY,

     Defendants.

                              CIVIL ACTION
                              Docket No.

## COMPLAINT

The United States of America pursuant to 40 U.S.C. § 3131, *et seq.*, commonly referred to as the Miller Act, brings this action to recover against a Bonds for work performed and materials supplied by the Plaintiff Johnson and Jordan, Inc. ("Johnson & Jordan") for the benefit of the United States of America, against Defendant Williams Building Company, Inc. ("WBC"), and Defendant Frankenmuth Surety Company ("Frankenmuth"):

### PARTIES

1.  Johnson & Jordan is a Maine corporation with a principal place of business in the Town of Scarborough, County of Cumberland and State of Maine.

2.  WBC is, upon information and belief, a Massachusetts corporation doing business in Maine, with its principal place of business in the Village of Hyannis, within the Town of Barnstable, in the County of Barnstable in the Commonwealth of Massachusetts.

3.  Frankenmuth is, upon information and belief, a Michigan corporation with a principal place of business in the City of Frankenmuth, in the Saginaw of County and State of Michigan.

**JURISDICTION & VENUE**

4.      As a claim brought by the United States of America and arising under the Miller Act, this Court has subject matter jurisdiction over this matter and related claims under 28 U.S.C. §§ 1345 & 1367.

5.      Under the Miller Act, 40 U.S.C. § 3313(b)(3)(B), venue is proper because the Community Living Center (the "CLC"), the project for which Johnson & Jordan furnished labor, services, and materials, lies in Augusta, within the District of Maine.

6.      The subcontracts that are the subject of this action require disputes between Johnson & Jordan and WBC to be litigated in the state or federal court having jurisdiction of the project.

7.      Accordingly, this Court is the proper forum for resolution of all claims asserted herein.

**FACTS AND BACKGROUND**

8.      The Department of Veterans Affairs (the "VA"), as owner and WBC, as general contractor, entered into a contract wherein WBC agreed to furnish construction and construction-related serves for the contract or project known as VA Togus CLC, 402-315; Contract No. 36C77621C0010, located at or near the VA Maine Healthcare System facility, commonly referred to as Togus, 1 VA Center, in the City of Augusta, County of Kennebec and State of Maine (the "Project").

9.      Johnson & Jordan and WBC entered into an Electrical Subcontract, Johnson & Jordan Project No. 210072 (the "Electrical Subcontract"), for the performance of electrical work for the CLC at the Project.

10.     The initial Electrical Subcontract amount was $1,820,000.

11. Under the Electrical Subcontract, Johnson & Jordan agreed to furnish all management, supervision, labor, materials, tools, supplies, equipment, services, engineering, testing, and all other acts and things necessary to diligently and fully perform and complete its scope of work in accordance with the plans and specifications prepared by William Pevear Architects, Inc. (the "Architect").

12. Upon information and belief, and as required by federal law, WBC furnished a payment and performance bond for the Electrical Subcontract guaranteed by Frankenmuth.

13. As required by the Electrical Subcontract, Johnson & Jordan submitted pay applications to WBC.

14. Johnson & Jordan's work is complete on the Electrical Subcontract and after proper performance of the project requirements according to the contract documents $342,809.79 in properly submitted pay applications remain pending between Johnson & Jordan and WBC.

15. Johnson & Jordan and WBC entered into a Mechanical & Plumbing Subcontract, Johnson & Jordan Project No. 210114 (the "Mechanical Subcontract"), for the performance of work for the CLC at the Project.

16. The initial Mechanical Subcontract amount was $1,928,401.00.

17. Under the Mechanical Subcontract, Johnson & Jordan agreed to furnish all management, supervision, labor, materials, tools, supplies, equipment, services, engineering, testing, and all other acts and things necessary to diligently and fully perform and complete its scope of work in accordance with the plans and specifications prepared by the Architect.

18. Upon information and belief, and as required by federal law, WBC furnished a payment and performance bond for the Mechanical Subcontract (the "Mechanical Bond") guaranteed by Frankenmuth.

19.     As required by the Mechanical Subcontract, Johnson & Jordan submitted pay applications to WBC.

20.     Johnson & Jordan's work is complete on the Mechanical Subcontract and after proper performance of the project requirements according to the contract documents $171,415.48 in properly submitted pay applications remain pending between Johnson & Jordan and WBC.

21.     Johnson & Jordan and WBC entered into a Controls Subcontract, Johnson & Jordan Project No. 210117 (the "Controls Subcontract", together with the Electrical Subcontract and the Mechanical Subcontract, the "Subcontracts"), for the performance of HVAC controls work for the CLC at the Project.

22.     The initial Controls Subcontract amount was $189,900.00.

23.     Under the Controls Subcontract, Johnson & Jordan agreed to furnish all management, supervision, labor, materials, tools, supplies, equipment, services, engineering, testing, and all other acts and things necessary to diligently and fully perform and complete its scope of work in accordance with the plans and specifications prepared by the Architect.

24.     Upon information and belief, and as required by federal law, WBC furnished a payment and performance bond for the Mechanical Subcontract (the "Controls Bond" together with the Electrical Bond and the Mechanical Bond, the "Bonds") guaranteed by Frankenmuth.

25.     As required by the Controls Subcontract, Johnson & Jordan submitted pay applications to WBC.

26.     Johnson & Jordan's work is complete on the Controls Subcontract and after proper performance of the project requirements according to the contract documents $30,000.00 in properly submitted pay applications remain pending between Johnson & Jordan and WBC.

27.     A summary of outstanding amounts owed to Johnson & Jordan is below:

| Subcontract | Amount |
|---|---|
| Electrical | 342,809.79 |
| Mechanical | 171,415.48 |
| Controls | 30,000.00 |
| **Total:** | **$544,225.27** |

## COUNTS OF THE COMPLAINT

### COUNT I
### Bonds Claim and Miller Act Claim Against All Defendants
### (40 U.S.C. § 3131, *et seq.*)

28.     Johnson & Jordan incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

29.     Pursuant to said Subcontracts, Johnson & Jordan has a direct, contractual relationship with WBC.

30.     Johnson & Jordan performed and completed its obligations under the Subcontracts with WBC.

31.     WBC is obligated to pay Johnson & Jordan according to the terms of the Subcontracts.

32.     After timely notice and demand, WBC has failed and refused to pay the amounts due and owing to Johnson & Jordan for work performed, labor furnished, services rendered, and materials and equipment supplied to the Project pursuant to the Subcontracts.

33.     For all of such labor, services, equipment, and materials there is now due to WBC the sum of $544,225.27.

34.     WBC did not pay Johnson & Jordan in accordance with the Subcontracts.

35.     WBC has not paid all of Johnson & Jordan's properly submitted pay applications.

36.     Johnson & Jordan complied with all obligations under the Subcontracts and

fulfilled all conditions precedent to payment.

37. Upon information and belief, the Bonds were furnished for the protection of persons supplying labor, services, materials, and equipment in the prosecution of the work required for the Project, including Johnson & Jordan.

38. Upon information and belief, pursuant to the terms of the Bonds, WBC and Frankenmuth are jointly and severally obligated to ensure payment of sums justly due to Johnson & Jordan arising from its labor, services, materials, and equipment furnished in connection with the Project.

39. Johnson & Jordan is a proper claimant under the Bonds, as it furnished labor and/or materials in the prosecution of the Project through a valid Subcontracts, and is in a class of those entitled to a right of action under the Bonds.

40. Pursuant to the terms of the Bonds, Frankenmuth is liable to pay Johnson & Jordan for all work performed and all services provided by Johnson & Jordan to the Project for which Johnson & Jordan has not been paid.

41. Amounts remain due and owing to Johnson & Jordan from WBC under the Subcontracts, despite Johnson & Jordan having made demand upon WBC for payment of such amounts owed, and rendering full performance required by the Subcontracts, thus rendering the Surety liable to Johnson & Jordan under the Bonds for these amounts.

42. In accordance with the Miller Act, Johnson & Jordan formally notified Frankenmuth and WBC of its claims under the Project and demanded payment from the surety for the amounts due and owing.

43. In accordance with the Miller Act, Johnson & Jordan has filed this action within an appropriate amount of time from the date on which Johnson & Jordan performed the last of the

labor or furnished or supplied the last of the material on the Project but less than one year from such date.

44.      Any and all conditions precedent to bringing an action on the Bonds have been satisfied or previously waived.

45.      Johnson & Jordan is entitled to the benefits of the Bonds provided by Frankenmuth.

46.      Johnson & Jordan is entitled to judgment against Frankenmuth for all amounts due under the Subcontracts in accordance with its obligations under the Bonds.

47.      Johnson & Jordan seeks damages in an amount to be determined at trial.

48.      Johnson & Jordan is also entitled to recover its attorneys' fees and costs in this action under the terms of the Contract and/or as otherwise permitted by law.

## COUNT II
## Breach of Contract Against WBC

1.      Plaintiff Johnson & Jordan repeats and incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

2.      The Subcontracts are a valid and enforceable contracts.

3.      In exchange for Johnson & Jordan's work on the Project, the Subcontracts required WBC to pay Johnson & Jordan.

4.      Johnson & Jordan performed its obligations under the Subcontracts.

5.      Although Johnson & Jordan has demanded payment of the sum owed, plus interest due, WBC has not paid such amount and is, therefore, in breach of the Subcontracts with Johnson & Jordan.

6.      Johnson & Jordan suffered damages resulting from WBC's breach of the Subcontracts.

7.      Johnson & Jordan is entitled to collect damages resulting from WBC's breach of

the Subcontracts, including statutory interest accrued thereunder pursuant to 14 M.R.S.A. § 1602-B.

8.  All conditions precedent to the maintenance of this action have been performed or have occurred.

**COUNT III**
**Violation of Prompt Payment Act 10 M.R.S.A. § 1111 *et seq.***
**Against WBC**

9.  Plaintiff Johnson & Jordan repeats and incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

10.  Because Johnson & Jordan provided construction services, furnished and performed labor, provided equipment, and supplied materials in relation to real property, the work rendered by Johnson & Jordan is subject to Maine's Prompt Payment Act. 10 M.R.S.A. § 1111, *et seq*.

11.  Because Johnson & Jordan performed its obligations under the Subcontracts, WBC was required to pay Johnson & Jordan the amount owed under the Subcontracts. 10 M.R.S.A. § 1113(1).

12.  As of the filing of this Complaint, WBC has failed to pay Johnson & Jordan amounts owed under the Subcontracts.

13.  WBC does not have a legal or contractual basis for withholding payment from Johnson & Jordan.

14.  The foregoing acts and omissions render WBC liable to Johnson & Jordan for penalties, interest, and attorneys' fees as provided by law. 10 M.R.S.A. §§ 1118(2), (4).

15.  All conditions precedent to the maintenance of this action have been performed or have occurred.

## COUNT IV
### Unjust Enrichment Against All Defendants

16. Johnson & Jordan repeats and incorporates by reference the allegations set forth above in this Complaint as if set forth in full herein.

17. Johnson & Jordan furnished the labor, material, equipment, and services supplied to and incorporated into the Project at WBC's request and, upon information and belief, with knowledge and consent of the Frankenmuth.

18. As indicated in the Subcontracts, Johnson & Jordan expected compensation for the labor, material, equipment, and services rendered and supplied to and incorporated into the Project.

19. Johnson & Jordan's furnishing of labor, material, equipment, and services to the Project conferred a benefit upon all Defendants.

20. Defendants had knowledge and appreciation of the benefit conferred upon her.

21. It would be inequitable for Defendants to be permitted to retain the benefits conferred upon them by Johnson & Jordan without paying Johnson & Jordan for the value of the benefits to the Project, plus accruing interest.

22. The reasonable value of the labor, services, equipment, and materials for which Plaintiff has not been paid is $544,225.27, plus accruing statutory interest, penalties, and attorneys' fees, and the furnishing of such labor, services, equipment, and materials by Plaintiff has resulted in Defendants receiving a benefit.

23. Therefore, Defendants have been unjustly enriched by having accepted and retained said benefit without paying for the value of the benefits to the Project.

24. All conditions precedent to the maintenance of this action have been performed or have occurred.

## COUNT V
### Quantum Meruit Against All Defendants

25.     Johnson & Jordan repeats and incorporates by reference the allegations set forth above in this Complaint as if set forth in full herein.

26.     At the special instance of, request of, and benefit of WBC, and, upon information and belief, with knowledge and consent of the Frankenmuth, and thereby for the benefit of Defendants, Johnson & Jordan furnished labor, materials, equipment, and services to the Project, all of which have inured to the benefit of Defendants.

27.     Johnson & Jordan had a reasonable expectation of receiving compensation for its labor, services, equipment, and materials and Defendants have a concurrent intention to compensate Johnson & Jordan for same.

28.     Johnson & Jordan has not received payment for the reasonable value of the labor, services, equipment, and materials furnished to the Project.

29.     The reasonable value of the labor, services, equipment, and materials remaining owed for which Johnson & Jordan has not received payment is at least $544,225.27, plus accruing statutory interest, penalties, and attorneys' fees.

30.     Johnson & Jordan  has demanded that Defendants pay in full for the value of said amount owed, all of which have inured to her benefit, but Defendant has refused to pay the same.

31.     All conditions precedent to the maintenance of this action have been performed or have occurred.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff Johnson & Jordan, Inc. prays the Court grant relief as follows:

a. Judgment in Plaintiff's favor on all claims made herein;

b. Compensatory damages in an amount to be proven at trial;

c. An award of punitive damages for intentional and willful acts;

d. An award of interest, attorneys' fees, and costs; and

e. Such other and further relief as the Court deems proper.

DATED at Portland, Maine this 13th day of July 2026.

 */s/ Michael R. Bosse*
Michael R. Bosse, Bar No. 8358

Bernstein Shur
100 Middle Street; PO Box 9729
Portland, ME  04104-5029
(207) 774-1200
mbosse@bernsteinshur.com

Attorney for Johnson & Jordan, Inc.